BOUTALL, Judge.
This is an appeal from a judgment dismissing plaintiff’s suit on a promissory note secured by second mortgage. Monroe Galloway, defendant and appellee, executed a promissory note payable to bearer for the amount of $25,820.00. The note was payable at the rate of $225.00[1] per month, beginning May 15, 1965, bearing 7% interest per annum with a balloon payment of the balance at the end of the eighth year. The note had an acceleration clause on failure to pay any installment and a provision for 20% attorney’s fees in the event that it is placed with an attorney for collection. The note was secured by a second mortgage on a piece of property which Monroe Galloway had purchased from George Darby, who was the holder of the note until his death. The mortgage contained a confession of judgment.
The holder of the note, George Darby, died and foreclosure proceedings via exe-cutiva were instituted by the succession’s testamentary executor through the succession attorney, alleging the delinquency of the note after prior amicable demand. A writ of preliminary injunction enjoining the seizure and sale was obtained by defendant. Thereafter the petition was amended to convert the procedure to foreclosure via ordinaria and to permit joinder of the co-executrix as plaintiff.
The defense raised to the foreclosure was that there was no delinquency in installment payments because George Darby had granted defendant two separate indulgences, suspending the regular monthly payments. The basis of the first was that the property had suffered severe damage during Hurricane Betsy in September of 1965, and defendant was faced with making extensive repairs. Defendant contended that this suspension of payments was for the period of repair and reconstruction of the property. The basis of the second was that defendant wished to construct a two-story addition to the motel already thereon and that Mr. Darby suspended payment of installments due through the period *841 of reconstruction (during which Mr. Darby died).
After trial on the merits, the court rendered judgment against plaintiffs, dismissing their suit for the following reasons:
“During his lifetime Mr. George Darby instructed Mr. Monroe Galloway, that he did not have to make the payments on the second mortgage. In short, the delinquency in payments, on the second mortgage, was with the knowledge and approval of the decedent, Mr. George Darby.
“The foreclosure was filed when there was no delinquency within the meaning of the language of the second mortgage.”
Ordinarily, the finding of a trial judge is given great weight, and is affirmed, unless manifest error is shown. However, we are of the opinion that there is such error here.
Galloway owned and operated a motel on the property in question when Hurricane Betsy struck. The motel was rendered inoperable by the storm. According to Galloway’s testimony, George Darby not only granted him indulgence until he could repair the motel, but also granted indulgence later while he built another building which would expand his business capacity. He contends that the decedent’s children were aware of these indulgences.
The court believes that the testimony of George Darby’s two children substantiates the contention that George Darby granted Galloway forebearance, but only long enough to get the preexisting motel back into operation. Gilbert Darby’s testimony stated that his father was not pressing Galloway for money at the time of the repairs due to the hurricane and that the forebearance would be long enough to have Galloway reinstate himself. Although Galloway stated that he brought both George Darby and Gilbert Darby to the premises to show his new construction plan and after a discussion, George Darby told him “not to worry”, meaning to him a grant of fore-bearance on the payment of installments. Gilbert Darby did not recall such an event. Mrs. Bold’s testimony indicated that her father was allowing Galloway to skip payments until he repaired his business, but not to start new projects.
The record shows that only Galloway’s testimony alleges that the forebearance was to be for as long as he continued to improve the property. He has nothing, other than his own testimony, to substantiate this contention. It has often been expressed that an extrajudicial admission of a dead man is the weakest of all evidence, since it cannot be contradicted by the decedent. (See Bodenheimer v. Executors of Bodenheimer, 35 La.Ann. 1005 (Shreveport, Oct.1883); Penton, et al. v. Carruth, 225 La. 248, 72 So.2d 494 (1954).
In the case at bar, we not only have contradictory testimony from the two witnesses that Galloway contends will support his position (and who, we should add, are very friendly to him), but the record of payments shows that Galloway was delinquent in payments of the installments due when there was no forbearance.
The record shows the following payments:
First year, 4/15/65 to 4/14/66 — no payments
Second year, 4/15/66 to 4/14/67 — $5,500.00
Third year, 4/15/67 to 4/14/68 — $3,500.00
Fourth year, 4/15/68 to 4/14/69 — $1,510.00
To date of suit, 4/15/69 to 7/18/69 — no payments.
Note: Mr. Darby died 4/17/69
We note that there are several errors in both the method of accounting and the computation of the account as testified to by Miss Fayard who handled the account with Mr. Darby’s secretary-bookkeeper. However, there is no dispute as to the payments made. Referring to the terms of the note we are able to reconstruct a proper account for the period involved with an interest rate of 7% per annum, computed annually.
The payments on the principal of the note each year amounted to $3,060.00, and the interest the first year was $1,807.40. *842 Galloway made no payments the first year. Since Hurricane Betsy did not strike until September, 1965, he was, of course, immediately delinquent. But assuming that the indulgence also included these initial months, we determine the forebearance to have lasted until September 1966, because Galloway testified that it took him a year to get his business back in operation.
In the second year, April, 1966, to April, 1967, there was due the same amount, to-wit: $4,867.40. During this year Galloway made payments of $5,500.00. It is contended to us that this surplus constitutes prepayment which should be applied to future installments. This we find to be without foundation. The payments were properly imputed to the payment of interest due to the date ending the second year, and the balance applied to the principal. To adopt any other premise would be to pre-suppose the future events of two years later. Thus at the end of the second year, Galloway was current with his interest, and computing the principal forebearance to September, 1966, was current with principal (actually $100.20 over).
The third year, April, 1967, to April, 1968, the principal and interest payments due amounted to $4,735.44. Galloway paid $3,500.00. Even under Galloway’s testimony there was no forebearance this year, yet he became delinquent in the amount of $1,235.44.
Similarly, he fell further behind the fourth year, April, 1968, to April, 1969. The principal and interest due that year amounted to $4,607.72, yet Galloway only paid $1,510.00 and made no payments thereafter until suit. Even assuming another grant of forebearance (we hold otherwise), it did not start by Galloway’s testimony until towards the end of the year, and the delinquency from the previous year was increased.
Considering the evidence in the record for the reasons above expressed, we can only conclude that it preponderates in favor of plaintiff, and the judgment appealed from must be reversed. The promissory note was delinquent at the time of the demand, and by its terms, the holder could exercise the option of demanding payment in full. We compute the principal balance due to be $22,110.24, plus delinquent interest of $37.72 as of April 14, 1969. The note provides for 20% of the amount due and owing as attorney’s fees and we see no reasons why this should be denied.
Accordingly, it is ordered that the judgment appealed from is reversed and there is now judgment rendered in favor of plaintiff, Succession of George Darby, and against defendant, Monroe Galloway, in the sum of $22,110.24, together with delinquent interest in the amount of $37.73, and further interest on the principal sum in the amount of 7% per annum, computed annually from April 14, 1969, until paid, and together with 20% of said principal and interest as attorney’s fees, subject to credit for the amounts paid since suit was filed.
Defendant-appellee to pay all costs of these proceedings.
Reversed and rendered.

. The correct figure is $255.00. See per curiam.